An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTINA CALDERON STIPP,
Appellant/Cross-Respondent,
vs.
MITCHELL DAVID STIPP,
Respondent/Cross-Appellant.

No. 57327

**FILED**

MAY 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal and cross-appeal from a district court post-divorce decree order concerning child custody. At issue is whether the district court correctly determined the physical custody status of the parties and applied the correct legal standard for modification of the physical custody arrangement in light of *Rivero v. Rivero*, 125 Nev. 410, 216 P.3d 213 (2009).[1]

---

[1]The parties also dispute whether the district court erred by granting, in part, Mitchell's motion to confirm a joint custody arrangement and modifying the timeshare arrangement without conducting an evidentiary hearing; whether the district court erred in not determining whether Christina or Mitchell were entitled to attorney fees; and whether any evidentiary hearing upon remand should be limited to only facts and circumstances that existed between the entry of the stipulation and order and Mitchell's motion to confirm the parties as joint physical custodians. However, in light of our resolution of this matter, we need not address these additional issues at this time.

13-15375

Appellant Christina Calderon Stipp and respondent Mitchell David Stipp settled their divorce and custody issues by a stipulated marital settlement agreement (MSA) and a joint petition. The MSA states that the parties have joint custody of their two minor children. Thereafter, the parties contested their true custodial status. The district court entered an order confirming the parties as joint legal and physical custodians. In the order, the district court also granted Mitchell additional time with the children because the parties had agreed to joint physical custody on two separate occasions, and it was in the best interest of the children. Christina appealed the district court's child custody determination, and Mitchell cross-appealed.

This court reviews a district court order regarding child custody for an abuse of discretion. *Rivero*, 125 Nev. at 428, 216 P.3d at 226. It will uphold a district court's factual findings when supported by substantial evidence. *Gepford v. Gepford*, 116 Nev. 1033, 1036, 13 P.3d 47, 49 (2000).

In *Rivero*, this court defined physical custody as "the time that a child physically spends in the care of a parent." 125 Nev. at 421, 216 P.3d at 222. "Parents can share joint physical custody, or one parent may have primary physical custody while the other parent may have visitation rights." *Id.* at 422, 216 P.3d at 222. NRS 125.490(1) provides that "[t]here is a presumption, affecting the burden of proof, that joint custody would be in the best interest of a minor child if the parents have agreed to an award of joint custody or so agree in open court at a hearing for the purpose of determining the custody of the minor child or children of the marriage." This court, in *Rivero*, concluded that "each parent must have physical

custody of the child at least 40 percent of the time to constitute joint physical custody." 125 Nev. at 425-26, 216 P.3d at 224.

The *Rivero* court instructed that to fulfill this requirement, a parent must have physical custody of the child for at least 146 days per year. 125 Nev. at 427, 216 P.3d at 225. It further noted that "[t]he district court should not focus on, for example, the exact number of hours the child was in the care of the parent, whether the child was sleeping, or whether the child was in the care of a third-party caregiver or spent time with a friend or relative during the period of time in question." *Id.*

The type of physical custody arrangement becomes important in modifying custody, relocating to a new state with the child, and determining child support. *Id.* at 422, 216 P.3d at 222. If parties agree to a child custody arrangement, that arrangement is enforceable so long as it is "not unconscionable, illegal, or in violation of public policy." *Id.* at 429, 216 P.3d at 227. However, any modification of a custody arrangement is subject to Nevada law. *Id.* A joint physical custody arrangement may be modified if "it is in the child's best interest." *Id.* at 430, 216 P.3d at 227; *see also* NRS 125.510(2). However, if a primary physical custody arrangement is in place, modification is appropriate only "when there is a substantial change in the circumstances affecting the child and the modification serves the child's best interest." *Rivero*, 125 Nev. at 430, 216 P.3d at 227; *see also Ellis v. Carucci*, 123 Nev. 145, 150, 161 P.3d 239, 242 (2007). "Specific factual findings are crucial to enforce or modify a custody order and for appellate review." *Rivero,* 125 Nev. at 430, 216 P.3d at 227.

Here, the district court did not specify the method it used to determine Mitchell's custodial days. It simply found that under the MSA and signed petition, Mitchell had 131 to 143 days of custody, depending

upon whether Christina chose to forego her holiday visitations. The district court acknowledged that this arrangement "would fall a few days short of the 40% time-share requirement mandated by *Rivero*." The district court then found that "assuming that a joint physical custody arrangement does not currently exist, the following facts evidence a substantial change in circumstances affecting the welfare of the children supporting a change in custody to joint physical custody."[2] It ordered "that in the best interest of the children, [Mitchell] should be awarded additional time-share consisting of the Friday proceeding the third weekend of each month, commencing at 9:00 a.m. instead of 6:00 p.m. as currently provided for in the Stipulation and Order filed on August 7, 2009." It further found that the awarded custodial time was equivalent of 12 additional days of custody per year; thus giving Mitchell between 143 and 146 days of custody per year, or up to 155 days if Christina decides to forego her vacation days.

Based on the order's failure to make specific findings as to how it determined what constitutes a custodial day, it is impossible to determine whether the district court abused its discretion in finding that Mitchell had 131 to 143 days of custody and if the district court applied

---

[2]The order listed the following facts in support of changing the custody arrangement: (1) the daughter's issues with clothing; (2) the daughter's psychological treatment; (3) the daughter's spontaneous statements to one of her doctors; (4) the extremely litigious nature of the parties; and (5) a doctor's report indicating that the children were likely emotionally affected by their parents' issues.

the appropriate standard for modifying custody. *See Rivero*, 125 Nev. at 430, 216 P.3d at 227. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court to make specific findings explaining how it arrived at the calculations used to assess the parties' timeshare agreement under *Rivero*.

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Frank P. Sullivan, District Judge, Family Court Division
Robert E. Gaston, Settlement Judge
Vaccarino Law Office
Mitchell D. Stipp
Radford J. Smith, Chtd.
Abrams Law Firm, LLC
Routsis Hardy-Cooper
Eighth District Court Clerk